USDC SCAN INDEX SHEET

















```
KSR     12/13/05    9:18
3:05-CV-00366   WRIGHT V. KALINA
*11*
*DFLTJGM.*
```

FILED
05 DEC 13 AM 8:45
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: K. Ridgeway, DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| KENISHA WRIGHT,<br><br>                         Plaintiff,<br>vs.<br><br>NORMAN G. KALINA, esq. d/b/a<br>ACCREDITED COLLECTION AGENCY,<br><br>                        Defendant. | CASE NO. 05cv0366 BTM (RBB)<br><br>**ORDER ENTERING DEFAULT JUDGMENT** |
|---|---|

    On February 23, 2005, Plaintiff Kenisha Wright filed a complaint against Defendant Norman G. Kalina seeking actual and statutory damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Plaintiff alleged that Defendant harassed her in an attempt to collect on a $645 debt, repeatedly calling her at home despite her instructions to contact her by mail. According to Plaintiff, Defendant told her she had five days to pay the entire balance of the debt or a lien would be placed against her. Additionally, Plaintiff claims that Defendant called her on several occasions and either quickly hung up the phone or did not reply after Plaintiff answered. Plaintiff further alleged that Defendant was hostile and used profanity on the telephone, and, on one occasion, stated he was calling from a law office and threatened suit if Plaintiff did not cooperate. As a result, Plaintiff alleged that she has suffered "personal humiliation, embarrassment, mental anguish, and emotional distress." See Compl. at 2-4.

    On June 7, 2005, the Clerk of the Court entered default against Defendant for failure


ENTERED ON DEC 13 2005
05cv336

1 | to plead or otherwise defend. On July 8, 2005, Plaintiff filed her prove-up materials, seeking
2 | a total of $5,398.50 in damages. Plaintiff requested $2,000 in actual damages, $1,000 in
3 | statutory damages, $2073.50 in attorneys' fees, and $325 in court costs. Prove-up Materials
4 | Br. at 6. However, on October 6, 2005, pursuant to Civ.LR 55.1, the Court issued an order
5 | to show cause why the case should not be dismissed for Plaintiff's failure to move for default
6 | judgment within 30 days of the entry of a default.

7 | This order to show cause was improvidently issued. The Court construes Plaintiff's
8 | prove-up materials as an application for default judgment.

9 | Having considered Plaintiff's request for damages, fees, and costs, the Court finds
10 | the request for $2073.50 in attorneys' fees and $325 in court costs reasonable. Plaintiff is
11 | also requesting the statutory maximum of $1000 in damages. In determining the amount of
12 | liability, 15 U.S.C. 1692k(b)(1) provides that the court should consider "the frequency and
13 | persistence of noncompliance by the debt collector, the nature of such noncompliance, and
14 | the extent to which such noncompliance was intentional." Here, Plaintiff in her affidavit
15 | alleges that Defendant contacted her six times over a five day period in February 2005. See
16 | Wright Aff. at 5-6. Plaintiff further alleges that on one occasion, Defendant used profanity.
17 | Several other times Plaintiff claims that Defendant simply hung up after she answered. Id.
18 | Given the relatively short duration (5 days) of Defendant's allegedly inappropriate debt
19 | pursuit, the Court declines to impose the maximum penalty and instead finds that an award
20 | of $500 in statutory damages is appropriate. The Court also determines that because of this
21 | short time frame, Plaintiff should be awarded $1000, and not the requested $2000, in actual
22 | damages for her distress.
23 | //
24 | //
25 | //
26 | //
27 | //
28 | //

1  Accordingly, pursuant to Fed. R. Civ. P. 55(b)(2), judgment shall be entered for the
2  Plaintiff and against the Defendant in the sum of $3,898.50.

3  **IT IS SO ORDERED.**
4  Dated: 12-12-2005

*[signature]*
HONORABLE BARRY TED MOSKOWITZ
United States District Judge

7  cc:   All counsel of record